FREMONT (CITY) v. CHARLES KEATING.

**Municipal Corporations Prohibited from Regulating Speed of Automobiles.**

By virtue of the provisions of Sec. 6307 G. C., councils of municipalities acting under the general law are prohibited from regulating by ordinance, by-law or resolution, the speed of motor vehicles within the municipality.

[Syllabus by the court.]

ERROR.

*H. S. Buckland,* city solicitor, for plaintiff in error.
*Hunt & Garn,* for defendant in error.

**KINKADE, J.**

The defendant in error was prosecuted before the mayor of the city of Fremont for the violation of Sec. 17 of an ordinance of the city of Fremont passed March 14, 1916. By the affidavit filed he was charged with having driven an automobile more than fifteen miles an hour on one of the streets of Fremont on July 18, 1916. Upon trial he was convicted and sentenced by the mayor to pay a fine of $25 and costs and to stand committed until the fine and costs were paid. Error was prosecuted by Keating to the court of common pleas in which court the judgment of conviction and sentence entered by the mayor was reversed and the defendant discharged. The city prosecutes error to this court to secure a reversal of the judgment of the court of common pleas.

Numerous errors are assigned by the city solicitor as sufficient to necessitate a reversal of the judgment below. Counsel for the defendant Keating, on the other hand, assign many reasons why the judgment must be affirmed. One of the reasons assigned by the defendant for the affirmance of the judgment of the court of common pleas we think is sound and entirely sufficient and, therefore, we deem it wholly unnecessary to discuss any of the others—that is to say, it is contended that the council of the city of Fremont was wholly without power to pass the ordinance in question in so far as the fixing of the speed as provided in Sec. 17 of the ordinance was concerned. In support of this proposition counsel rely upon Sec. 6307 G. C., which reads as follows:

"Local authorities shall not regulate the speed of motor vehicles by ordinance, by-law or resolution, but, for a given time, they may set aside a specific public highway for speed tests or races. The term 'local authorities,' as used therein, means all officers, boards, and committees of counties, cities, villages or townships."

This law was in force at the time of the passage of the ordinance in question and we see no escape from the conclusion that the council of the city of Fremont was wholly without authority to pass the ordinance in so far as it regulates the

Fremont v. Keating.

speed of automobiles. It signifies nothing that the ordinance on the subject of speed is in accord with the provisions of the statute on the same subject, Sec. 12604 G. C. While the defendant, by virtue of the authority conferred by Sec. 4528 G. C., might have been prosecuted before the mayor for a violation of Sec. 12604 G. C., and convicted and punished if shown to be guilty by the evidence, it by no means follows that the prosecution and conviction in this case can be sustained, for the manifest reason that the prosecution was not in the name of the state and was not for a violation of any law of the state, but was in the name of the city of Fremont and for the violation of Sec. 17 of an ordinance of the city of Fremont, as stated.

We are very clearly of the opinion that but one result can be arrived at here and that is, the affirmance of the judgment of reversal entered by the court of common pleas, including the discharge of the accused, and such will be the judgment of this court. *Frisbie* v. *Columbus,* 80 Ohio St. 686 [89 N. E. Rep. 92].

**Richards** and **Chittenden, JJ.,** concur.